UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CURTIS PONDER, FRANK CORSO III, and DONALD CURRAN in their capacities as members of the City of Cranston Zoning Board of Review<br><br>Defendants. | Civil Action No. 06-531ML |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**Introduction**

Plaintiff, Omnipoint Holdings, Inc. ("Omnipoint"), hereby opposes Defendants' Motion to Dismiss. Omnipoint has brought this action under the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c) ("FTCA"), for injunctive relief and expedited review of the defendants' denial of Omnipoint's application for zoning relief. Omnipoint seeks zoning relief for the construction of a wireless telecommunications facility necessary to remedy a substantial gap in Omnipoint's wireless coverage in Cranston, Rhode Island. Defendants' motion must be denied because its central premise ignores the plain language and clear intent of the FTCA and well-settled law and practice in the First Circuit. Further, defendants' contention that the Town's denial of Omnipoint's request for zoning relief is not a "final action" by the City of Cranston Zoning Board of Review is not supported by statutory or case law.

**Factual Background**

Omnipoint is an FCC licensed provider of Personal Communication Services ("PCS"). (Complaint, par. 1). Its PCS wireless license includes a region that encompasses the City of Cranston. (Id.). Because the PCS system has a lower signal and a much higher frequency than traditional cellular technology, the range between the PCS mobile telephone and the antennas is limited. (Complaint, par. 10). In order to provide continuous service to a PCS telephone user, coverage must overlap in a grid pattern resembling a honeycomb. In the event that Omnipoint is unable to construct a cell site within a specific geographic area, Omnipoint will not be able to provide service consistent with its obligations under its FCC license to the consumers within that area. (Complaint, par. 11). Omnipoint's engineers use complex computer programs and extensive field testing to complete a propagation study, which shows where cell sites need to be located in order to provide service. (Complaint, par. 12). Based upon Omnipoint's research and analysis and as part of an extensive review of call traffic in the targeted area of Cranston, Omnipoint determined that, in order to avoid a substantial gap in its services to its customers, including loss of signal, blocked calls, it needed to install a wireless communications facility consisting of a ninety foot (90') monopole antenna support structure, three panel antennas within the monopole structure at a height of eight seven feet center line of its antennas, and, in addition, cables and base equipment to be located within a fifteen foot by fifteen foot fenced compound at the base of the proposed monopole. (Complaint, par. 13).

On or about September 21, 2005, Omnipoint, as a co-applicant with the owner of the property, Solid Rock Church, applied for a dimensional use variance from the setback requirements of the City of Cranston Zoning Ordinance, which would be necessary to construct its proposed facility. (Complaint, par. 16). Omnipoint met all of the criteria specified by the

Zoning Ordinance and Rhode Island law for obtaining the variance requested. (Complaint, par. 18). Omnipoint also applied for a special use permit, as required by the Ordinance's Zoning Use Table (Complaint, par. 19). Omnipoint's application met all criteria specified by the Zoning Ordinance and Rhode Island law for obtaining the special permit it requested. (Complaint, par. 20).

At the public hearings on its application for zoning relief, Omnipoint representatives submitted evidence regarding Omnipoint's proposed antenna installation, its decision to use a flagpole style monopole to minimize complaints about the aesthetic aspects of the site, its existing and proposed coverage resulting from the installation and its efforts to find alternative sites in the area. (Complaint, par. 25). Omnipoint presented evidence at the hearings that its proposed facility would be compatible with the surroundings, that it would not be injurious or offensive to the neighborhood, that it would not hinder the future development of the City, that it would promote the general welfare of the City, and that it would be in conformance with the purpose and intent of the Cranston comprehensive plan, all of which evidence was consistent with the requirements for the grant of a special use permit under the Ordinance. (Complaint, par. 27). Omnipoint also presented evidence at the hearings consistent with the requirements for the grant of a dimensional use variance under the Ordinance and Rhode Island law. (Complaint, par. 28). Specifically, it demonstrated a) that it needed a dimensional variance because of the unique characteristics of the subject land and its proposed structure, and not because of the general characteristics of the surrounding area or because of its own physical or economic disability; b) that its request for a relief was not the result of any prior action or because its effort to realize greater financial gain; and c) that granting the dimensional variance would not alter the general characteristic or impair the intent or purpose of the City's Comprehensive plan. Additionally, Omnipoint presented

evidence that no other sites could provide the telecommunications service mandated by Omnipoint's FCC telecommunications license. (Id.).

On November 7, 2006, the Zoning Board filed a decision with the City Clerk's Office, indicating that the Board voted to deny both Omnipoint's application for a dimensional variance and its application for a special use permit. (Complaint, par. 30).

Omnipoint timely filed this action within the 30 day period specified in the FTCA for expedited review of local zoning board decisions. Omnipoint will demonstrate, in this action, that the City of Cranston's denial of its requests for zoning relief violated the FTCA, which governs federal, state and local government regulation of the siting of PCS facilities such as the one at issue here.

Defendants filed a motion to dismiss this claim alleging lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted on February 16, 2007. In their motion, defendants contend that the decision of the Cranston Zoning Board of Review is not a "final action" upon which an FTCA claim can be based.

## ARGUMENT

### A. DEFENDANTS' CENTRAL PREMISE, THAT OMNIPOINT MUST FIRST SEEK RELIEF IN STATE COURT PRIOR TO FILING AN ACTION UNDER THE FEDERAL TELECOMMUNICATIONS ACT, CONTRADICTS THE PLAIN LANGUAGE AND CLEAR INTENT OF SAID ACT, WHICH PROVIDES EXPEDITED FEDERAL COURT REVIEW OF LOCAL ZONING DECISIONS

#### 1. The Plain Language and Intent of the FTCA Require Direct and Expedited Review of Local Zoning Boards' Decisions Without The Need to File in State Court

Section 704 of the FTCA governs federal, state and local government regulation of the siting of PCS facilities such as the one at issue here. 47 U.S.C. § 332(c). The Defendants'

contention that Omnipoint must exhaust state judicial remedies directly contradicts the plain language of the FTCA, which states:

> Any person adversely affected by any final action or failure to act by a State or local government ... may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis.

47 U.S.C.S. § 332(c)(7)(B)(v) (emphasis added).

The First Circuit has consistently held that "if the plain language of the statute points unerringly in a single direction, an inquiring court ordinarily should look no further." *Herman v. Hector I. Nieves Transp., Inc.,* 244 F.3d 32,35 (1st Cir. 2001); *United States v. Hilario,* 218 F.3d 19, 23 (1st Cir. 2000); *Lopez-Soto v. Hawayek,* 175 F.3d 170, 172 (1st Cir. 1999). The statute states plainly that parties adversely affected by a local zoning board's final action are entitled to relief under the FTCA. Nowhere does the statute require that a party must first bring a claim in state court before seeking the expedited review available under the FTCA.

The FTCA is explicit in its focus on timeliness of review. The FTCA specifically includes a 30-day time limitation and an expedited court hearing requirement. 47 U.S.C. §332(c)(7)(B)(v). The statute also requires states or local governments to "act on any request ... within a reasonable period of time" after the request has been filed. 47 U.S.C.§ 332(c)(7)(B)(ii). This consistent language indicates a clear Congressional intent to review FTCA complaints in a timely and efficient manner.

Congressional purpose in enacting § 332(c)(7)(B)(5) was to provide "direct and expedited federal judicial review without any need to exhaust state remedies." *Omnipoint Communications, Inc. v. Penn Forest Township*, 42 F. Supp.2d 493, 506 (M.D. Penn 1999). Requiring adversely affected parties to jump through an additional hoop in the state court violates the unambiguous intent of Congress to expedite the review process.

2. First Circuit Law is Settled that Judicial Review Of Local Zoning Board Decisions is Appropriate Without An Intervening Review at the State Court Level

First Circuit case law has consistently supported expedited review of local zoning decisions in deference to Congresional intent to expedite wireless services.

> The TCA reflects Congress's intent to expand wireless services and increase competition among those providers. [Citation omitted]. Congress sought to accomplish this goal by reducing the regulation and bureaucracy that stood in the way of a steady and rapid expansion of personal wireless services. [Citation omitted] In addition to facilitating the quick resolution of any disputes with localities, the TCA also provides protections from irrational or substanceless decisions by local authorities. (emphasis added).

*Southwestern Bell Mobile Systems, Inc. v. Town of Leicester*, 244 F.3d 51, 57 (1st Cir. 2001). Considering the intent of Congress to reduce bureaucracy and "facilitate quick resolution of any disputes," any decision that slows the resolution of claims under the FTCA would defy existing precedent. *Id.*

Congress's decision to expedite claims offers a "a balance between localities and personal wireless service providers" under the FTCA. *Id.* The First Circuit actively preserves this balance:

> Under the TCA, local governments retain control 'over decisions regarding the placement, construction, and modification of personal wireless service facilities.' 47 U.S.C. §332(c)(7)(A). Nonetheless, this control is now subject to several substantive and procedural limitations that 'subject local governments to an outer limit' upon their ability to regulate personal wireless services land use issues.

*Town of Amherst v. Omnipoint*, 173 F.3d 9, 15 (1st Cir. 1999). The balance between localities and PCS providers under the FTCA would be disrupted were carriers required, as defendants submit, to a state court procedure in advance of seeking FTCA relief.

District Courts in the First Circuit have consistently addressed FTCA cases brought by telecommunications carriers adversely affected by zoning board decisions without requiring previous state court adjudication. See: e.g. *AT&T Wireless PCS, LLC v. Town of Charlestown*,

2005 U.S. Dist. LEXIS 12694 (D.R.I. Mar. 2, 2005) *Tower Ventures, Inc. v. Town of Cumberland*, 2004 U.S. Dist. LEXIS 26542, * 18 (D.R.I. 2004); see also, *Omnipoint Holdings, Inc. v. Town of Johnston, et al.* (U.S. District Court for the District of Rhode Island, 06-140S); *Omnipoint Holdings, Inc. v. City of Woonsocket, et al.*, (U.S. District Court for the District of Rhode Island, 04-384L); *Omnipoint v. Town of Westford*, 206 F. Supp. 2d 166, 169 (D. Mass. 2002).

## B. DEFENDANTS' CONTENTION THAT THE ZONING BOARD OF REVIEW'S DENIAL OF OMNIPOINT'S APPLICATION FOR ZONING RELIEF WAS NOT A "FINAL ACTION" FOR THE PURPOSES OF AN ACTION UNDER THE FTCA CONTRADICTS THE EXPRESS INTENT OF CONGRESS

In order to commence an action under the FTCA, Omnipoint must be "adversely affected by any *final action* or failure to act by a State or local government." 332(c)(7)(B)(v)(emphasis added). Defendant contends that a denial by the Zoning Board of Review is not a "final action" and therefore not ripe for review by this court. According to Defendant, Omnipoint must complete an appeal of the zoning decision in Rhode Island Superior Court in order for a zoning denial to be "final action" ripe for review under the FTCA. This argument contradicts legislative history and applicable case law.

### 1. <u>The Legislative History of the FTCA Defines "Final Action" as an Administrative, Not Judicial, Act</u>

In passing the FTCA, Congress explicitly defined "final action" as it pertains to exhaustion of state judicial remedies:

> The term "final action" ... means final administrative action at the State or local government level so that a party can commence action under the subparagraph rather than waiting for the exhaustion of any independent State court remedy otherwise required.

H.R. Conf. No. 104-458, 104th Congress, 2d. Sess. 208 (1996). By defining final action as "final *administrative* action," Congressional legislative history indicates that administrative, not

judicial, decisions are sufficient to bring a claim under the FTCA. *Id.* It also allows the administrative decision to occur at either a state or local level. *Id.* Congress goes on to explain that it has chosen to define final action as administrative "so that a party can commence action ... *rather than waiting* for the exhaustion of any independent state court remedy *otherwise required.*" *Id.* (emphasis added). This language clearly indicates Congress's interest in expediting claims under the FTCA by foregoing the necessity of a wireless telecommunications carrier, aggrieved by a local zoning decision, having to seek a state court remedy as a prerequisite to filing an FTCA claim.

According to the defendants, Congress did not intend to allow carriers to have direct and expedited Federal Court review, under the FTCA, of adminstrative actions, such as local zoning board rulings. Rather, defendants claim that only "independent" state claims are exempt from judicial exhaustion and that claims under the FTCA do not so qualify. Defendants define "independent" claims as additional, unused remedies that can be brought in state court, but are not direct appeals of Zoning Board decisions. Since Rhode Island has a system of appealing Zoning Board decisions to the Superior Court, defendants argue that a Zoning Board decision is not a final action until it has been reviewed by a state court on appeal.

This argument is flawed for several reasons. First, it stretches Congressional language beyond recognition to claim that Congress was referring to a judicial appeal as a "final *administrative* action." *Id.* (emphasis added). Second, it is implausible to believe that Congress would go to such an effort to make a hairline distinction between "independent" claims and appeals of zoning board decisions, particularly considering that its clear intent in modifying the exhaustion requirements was to expedite the process of making a claim under the FTCA. Since allowing only parties who bring non-exhaustion claims in state court to proceed does not speed

up the process, this intent seems an unlikely protection. *Id.* Third, it ignores that Congress defined "final action" as an action at the "state *or* local government level." *Id.* (emphasis added). Even if a final action of a state did include a court appeal, a final action could still be found at the local government level. The decision by the zoning board would clearly be a final action by the local government. For all of these reasons, Defendant's confusing interpretation of the Congressional statement must be rejected.

2. Case Law Consistently Supports Congress's Clear Exclusion Of State Judicial Exhaustion for FTCA Claims

Case law upholds Congress's clear intent to make zoning board decisions final actions under the FTCA. Since this area is considered "settled law," opinions seldom explicitly state that board decisions are final actions for FTCA purposes. However, courts consistently act on the assumption that zoning board decisions are final actions and explain the parameters of the board's ability to make final decisions under the FTCA. For example, in *National Tower v. Plainville Zoning Board of Appeals*, the First Circuit analogized its review of a zoning board decision under the FTCA to judicial review of a federal agency decision. 297 F.3d 14, 19 (1st Cir. 2002) (holding that the zoning board wrongfully denied a permit for installation of a wireless communication tower). This analogy represents how consistently the First Circuit considers zoning board decisions as final actions under the FTCA.

Defendants contend that case law supports its argument that zoning board decisions are not "final actions" without judicial review, and that Congress intended that only "independent" claims should be excluded from judicial exhaustion requirements. Relying on *Sprint Spectrum v. Town of Carmel*, 361 F. 3d 998, 1004 (7th Cir. 2004), a Seventh Circuit case that granted a motion to dismiss for reasons unrelated to judicial exhaustion, defendants argue that the traditional ripeness precedent established by the Supreme Court in *Williamson County v.*

*Hamilton Bank of Johnson*, 473 U.S. 172, (1985), was altered by the FTCA only to the extent that it precluded "independent" claims from state judicial review. According to defendants, the present claim is not ripe for review under *Sprint Spectrum* because it is not an "independent" claim but an appeal of a zoning board decision.

The contention that zoning board decisions are not final actions is not only unfounded but the contention that only "independent claims" are exempt from judicial review is not even mentioned in either case cited by defendants. Indeed, both FTCA cases cited in the Motion to Dismiss indicate that zoning board decisions are final actions not subject to state judicial exhaustion. In *Sprint Spectrum v. Town of Carmel*, 361 F. 3d 998, 1004 (7th Cir. 2004), Sprint chose not to appeal the board decision to state court before bringing a claim under the FTCA, and the town did not take issue with this choice. *Id.* The Seventh Circuit still made a point of addressing the issue to explain that Sprint was not required to exhaust state judicial remedies:

> Significantly, a [Board of Zoning Appeals] is the highest administrative authority under Indiana law to hear appeals of decisions under local zoning ordinances. Ind. Cod. § 36-7-4-918.1. Indiana law does, however, provide for review of BZA decisions through the issuance of a writ of certiorari by the circuit or superior court of the county in which the affected premises are located. Ind. Code § 26-7-4-1003. Sprint has not done so. However, the Telecommunications Act does not require the exhaustion of all state judicial remedies before bringing a suit in federal court. *See AT&T Wireless PCS, Inc. v. Town of Porter*, 203 F. Supp.2d 985, 989 (N.D. Ind. 2002).

*Sprint*, 361 F.3d at 1001 (footnote 2). Exhaustion of state court remedies were therefore not required by the Seventh Circuit in *Sprint* and was not considered in the Court's reasoning for determining the case to be unripe for judicial review. *Id.* Instead, the Court relies on Sprint's failure to exhaust its remedies at the administrative level with the zoning board of appeals: its failure to apply for a special use permit and its failure to submit a plan to the zoning board. Since the zoning board in *Sprint* still could have approved a special use permit, its denial was not

deemed a "final action." *Id.* The present case is clearly distinguishable because Omnipoint's application process before the Zoning Board of Review and its requests for relief have been fully and finally denied. Therefore, the holding in *Sprint* only has bearing on the present claim to the extent that it supports significant precedent that "final action" occurs only at the zoning board level.

Defendants' reliance on *AT&T Wireless, Inc. v. Town of Porter*, 203 F.Supp.2d 985, 989 (N.D. Ind. 2002), to support their contention that state judicial exhaustion is required before review, is similarly misplaced. In *AT&T*, the town of Porter brought a motion to dismiss on subject matter jurisdiction grounds, arguing that the FTCA required AT&T to exhaust its state judicial remedies before bringing a claim. *Id.* at 987. The District Court for the Northern District of Indiana, after discussing Congress's clear definition of "final action," found that a decision by a zoning appeals board is the "final administrative action" that constitutes "final action" under the FTCA. *Id.* The District Court denied the motion because a claim in civil court is not an administrative step necessary for exhaustion under the FTCA and held that a decision by a zoning appeals board is a "final action" under the FTCA despite the fact that AT&T had not exhausted state judicial remedies. *Id.* Considering the Congressional statement, the FTCA should be read in the context of existing precedent as an exclusion of state judicial exhaustion requirements.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

OMNIPOINT HOLDINGS, INC.

By its attorneys,

/s/ Paul S. Cantor, Esq.

Paul S. Cantor, Esq.
RI Attorney #3177
321 South Main Street, #302
Providence, RI 02903
Telephone: (401) 351-8200
Fax Number: (401) 351-9032

Date: March 30, 2007

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 30, 2007.

/s/ Paul S. Cantor