UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OMNIPOINT HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-531-ML-DLM |
| | ) | |
| THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CURTIS PONDER, FRANK CORSO III, and DONALD CURRAN in their capacities as members of the City of Cranston Zoning Board of Review, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants submit this Reply Memorandum in response to Plaintiff's Opposition to Defendants' Motion to Dismiss.

1. The Statutory Language Does Not Support Omnipoint's Position.

Omnipoint argues that the plain language of statute, Section 704 of the FTCA, compels the conclusion that Omnipoint need not employ the Superior Court procedure, as Defendants suggested in the Motion to Dismiss, in order to pursue their FTCA claim in this Court. The argument selectively focuses on a single word in the statute, "or," and in the process fails to note the more significant phrase "final action."

Because the statute states that an FTCA suit may be brought in federal court after an action, or failure to act, by a state *or* local government, Omnipoint argues that it has the right to file as soon as *either* the state *or* local agency acts or fails to act.

Respectfully, Omnipoint's argument misses the more fundamental point, which is that the federal courts requires a "final action" in order to proceed in this court. Such final action may,

depending on the administrative scheme in effect in a particular jurisdiction be from *either* a state agency *or* a local body. Thus, the plain language of the statute seems, contrary to Omnipoint's argument, to make it clear that there is no direct appeal from any body, whether state *or* local, absent a *final action*.

Ironically, Omnipoint points to the FTCA's favoring an expedited hearing in support of its position, yet fails to note that the Rhode Island statute explicitly keeps the Superior Court review on an expedited, limited fast track which is entirely consistent with both the congressional mandate to expedite FTCA cases and, at the same time, respect local and state authority.

In short, it is Defendant's position that Congress intended to permit the administrative process to be completed and, in this case, the failure to utilize the Superior Court process, which is part in parcel of the administrative process, fails to comport with the scheme adopted by Congress in enacting the FTCA.

Defendants' citation to *Omnipoint Communications, Inc. v. Penn Forest Township* 42 F.Supp. 2d 493, 506 (M.D. Penn 1999) does not, respectfully, support the notion that the FTCA provides for review "without any need to exhaust state remedies." (*quoting* Plaintiff's Memorandum at page 5, *quoting Penn Forrest* at 506). In that case, the principle issue related to whether there was substantial evidence to support a local decision. In considering a Motion for Summary Judgment, the Court considered whether a Section 1983 claim was viable. In concluding that such a claim was not viable, the Court noted that the FTCA provided for expedited review without the necessity of exhausting all remedies. The case did not, however, analyze what steps were necessary to establish the requisite "final action" to support an FTCA suit.

2. The Law is not Settled.

Omnipoint states that "First Circuit case law has consistently supported expedited review of local zoning decisions ...." Omnipoint Memorandum, Page 6. While the statement is technically accurate, respectfully, the issue raised by this Motion to Dismiss has never, to the best of Defendants' knowledge, been squarely addressed by the First Circuit, this District or otherwise settled.

*Southwestern Bell Mobile Systems, Inc. v. Town of Leicester*, 244 F.3d 51, 57 (1st Cir. 2001) did not address the issue of what stage in what process would constitute a "final action" so as to support an FTCA federal court action.

*Town of Amherst v. Omnipoint*, 173 F.3d 9, 15 (1st Cir. 1999) dealt with an ordinance which had, according to Omnipoint, the practical effect of "prohibiting" wireless service. That case did not consider the issue of what was, and what was not, a "final action".

Omnipoint goes on to cite a quintet of cases where it asserts that "district courts in the First Circuit have addressed FTCA cases brought by telecommunication carriers adversely affected by zoning board decisions without requiring previous state court adjudication." Omnipoint Memorandum at Page 6. Again, while this statement is factually accurate, it does not appear that any of those courts specifically addressed the issue which is raised by Defendants' Motion to Dismiss in this case.

In *AT&T Wireless PCS, LLC v. Town of Charlestown*, 2005 U.S.Dist. Lexis 12694 (D.R.I. Mar. 2, 2005), it does not appear that the issue was raised.[1] Likewise, *Tower Ventures, Inc. v. Town of Cumberland*, 2004 (U.S. Dist. Lexis 26542) did not appear to address the point

[1] Defendants have located the District Court Appeal from the Report and Recommendation which Omnipoint's citation appears to refer to, but the Report and Recommendation itself is not available online in the Court's website.

raised by Defendants' Motion to Dismiss. *Omnipoint Holdings, Inc. v. Town of Johnston, et al.*, Civil Action No. 06-140-S (D.R.I. ) was an agreed Judgment, not a decision, and the issue raised by Defendants' Motion to Dismiss was not addressed. *Omnipoint Holdings, Inc. v. City of Woonsocket, et al,* Civil Action No. 04-384-L (D.R.I.) was a default Judgment. The issue was not raised. *Omnipoint v. Town of Westford*, 206 F.Supp. 2d 166,169 (D.Mass. 2002) also did not address the issue raised here.

In sum, while it certainly appears to be true that numerous FTCA federal court actions have proceeded in Rhode Island and outside of Rhode Island without the Superior Court proceeding which Defendants suggest is mandatory having been pursued, there appear to be no cases which have squarely addressed the issue of whether such a proceeding is a required element to establish that there has been a "final action" for FTCA purposes.

3. "Administrative" and "Judicial" are not Mutually Exclusive

Omnipoint argues that the term "final action" can only mean an administrative action, as opposed to a "judicial" action.

It is true that the language of the operative section of the statute defines final action as "final administrative action," but Plaintiff's myopic focus fails to note the subsequent language, in the very same provision uses the word "independent" in describing those state court remedies which do not have to be exhausted. If Omnipoint's argument were correct, the use of the word "independent" would be superfluous: Omnipoint's arguments suggests that *no* state court proceeding is *ever* required prior to the institution of an FTCA Court. If that were the case, query why the word "independent" is included in the language of the statute.

Respectfully, Defendants submit that the use of the word "independent" is not accidental. As noted in the Memorandum in support of Defendants' Motion to Dismiss, the very question of

what judicial remedies are “independent” supports the conclusion that, at least in some circumstances, such a court remedy is a part of the mandatory process, not an “independent” proceeding.

To the best of Defendants’ knowledge, there is no statutory or common law imperative which compels the conclusion that administrative processes cannot and, by definition do not, involve and include a judicial component. In Rhode Island, for the reasons stated in support of the Motion to Dismiss, it is clear that the statutory scheme provides for a streamlined comprehensive process which includes *both* a local board and judicial component.

4. Omnipoint Confuses Substantive Standards With Procedural Requirements.

Omnipoint cites *National Tower v. Plainville Zoning Board of Appeals,* 297 F.3d 14, 19 (1st Cir. 2002) for the proposition that the “First Circuit considers zoning board decisions as final actions under the FTCA.” Again, as with the other cases which Omnipoint cites, there is no indication in the *National Tower* decision that the court considered the issue raised by the pending Motion to Dismiss.

What the *National Tower* case did point out is that the standard of review of a decision by a zoning board of appeal is analogous to those applying to an appeal from a federal agency. So, for purposes of the standard, it is correct that an appeal from a zoning board is similar to an appeal from a federal agency. However, that similarity does not establish that an immediate FTCA action lies following a zoning board decision. That, respectfully, was not the issue in *National Tower.*

Recognizing that the standard of review in an FTCA case is to a large degree deferential to the underlying decision does not establish or inform the question of whether there has been a final action from which such federal suit can be brought.

Respectfully submitted,
Defendants,
By and through their counsel,

Dated: April 23, 2007

/s/ Jeffrey S. Michaelson

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

/s/ Jeffrey S. Michaelson