UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OMNIPOINT HOLDINGS, INC.,

Plaintiff,

v. C.A. No. 06-531-ML

THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CURTIS PONDER, FRANK CORSO III, and DONALD CURRAN in their capacities as members of the City of Cranston Zoning Board of Review,

Defendants.

**Memorandum and Order**

Plaintiff, Omnipoint Holdings, Inc., ("Plaintiff") brings suit against Defendants as a result of Defendants' denial of Plaintiff's application for a dimensional variance and special use permit. Defendants move to dismiss the suit pursuant to Fed. R. Civ. P. 12(b)(1) and, in the alternative, Fed. R. Civ. P. 12(b)(6). Defendants' motion to dismiss is denied for the reasons stated below.

**I. Standard of Review**

The Court's standard of review on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is similar to the standard of review for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Murphy v. United States, 45 F.3d 520 (1st Cir. 1995); Masterson v. United States, 200 F. Supp. 2d 94 (D.R.I. 2002). In reviewing the claim, the Court construes the complaint liberally and treats all well-plead "facts as true, according the plaintiff the benefit of all reasonable inferences." Murphy, 45 F.3d at 522. A

plaintiff may not rest on "unsupported conclusions or interpretations of law." Id. (internal quotation marks and citation omitted). A motion to dismiss should not be granted "unless it appears beyond doubt that the [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Masterson, 200 F. Supp. 2d at 97 (internal quotation marks and citation omitted). A party invoking the Court's jurisdiction "carries the burden of proving its existence." Mercado Arocho v. United States, 455 F. Supp. 2d 15, 17 (D.P.R. 2006) (internal quotation marks and citation omitted).

## II. Background

Plaintiff is a Delaware corporation with a principal place of business in Norton, Massachusetts. Defendants are the City of Cranston, the Zoning Board of Review of the City of Cranston ("Zoning Board") and five members of the Zoning Board. Plaintiff is a provider of commercial wireless personal communications services licensed by the Federal Communications Commission. Plaintiff's license includes a region that encompasses the City of Cranston. In order to avoid a substantial gap in its services to its customers, Plaintiff determined that it needed to install a wireless communications facility consisting of a ninety-foot monopole antenna in the City of Cranston. In September 2005, Plaintiff, as a co-applicant with the owner of the land upon which the monopole was to be constructed, applied to the City of Cranston for a dimensional use variance and a special use permit. The City of Cranston Planning Commission recommended to the Zoning Board that the Zoning Board deny the relief sought by Plaintiff. The Zoning Board held two public hearings on Plaintiff's application for the variance and special use permit. On November 7, 2006, the Zoning Board filed a decision denying Plaintiff's request for the variance and special use permit. Plaintiff filed this suit challenging the Zoning Board's decision on

December 6, 2006.

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's complaint because the Zoning Board's decision is not a "final action" pursuant to the Telecommunications Act, codified in various sections of Title 47 of the United States Code. Defendants aver that the Zoning Board's decision is not final because Plaintiff has not appealed the decision to the Rhode Island Superior Court as permitted by R.I. Gen. Laws § 45-24-69.[1] Plaintiff argues that the Court's jurisdiction is proper because the Zoning Board's decision is a final action pursuant to the Telecommunications Act.

## III. Analysis

The Telecommunications Act, ("Act") provides, inter alia, that:

> [a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis.

47 U.S.C. § 332(c)(7)(B)(v) (emphasis added). The Act does not define the term "final action." Congress noted, however, that "the term 'final action' means 'final administrative action at the State or local government level so that a party can commence action under the [Act] rather than waiting for the exhaustion of any independent State court remedy otherwise required.'" Sprint Spectrum L.P. v. City of Carmel, 361 F.3d 998, 1004 (7th Cir. 2004) (emphasis added) (quoting H.R. Conf. Rep. No. 104-458, at [20]9 (1996), reprinted in 1996 U.S.C.C.A.N. 124, 223); see

[1] R.I. Gen. Laws § 45-24-69 provides, in part, that "[a]n aggrieved party may appeal a decision of the zoning board of review to the superior court for the county in which the city or town is situated by filing a complaint stating the reasons of appeal within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk." R.I. Gen. Laws § 45-24-69(a).

also Sprintcom, Inc. v. Puerto Rico Regulations and Permits Administration, ___ F. Supp. 2d ____, 2007 WL 1574861 (D.P.R. 2007) (same); AT&T Wireless PCS, Inc. v. Town of Porter, 203 F. Supp. 2d 985 (N.D. Ind. 2002) (same); USCOC v. Town of Bow, No. 05-cv-327-PB, 2007 WL 655471 at *3 (D.N.H. Feb. 26, 2007) (cases on point are unanimous, "'final action' means 'final administrative action at the State or local government level'"). Congress' purpose in enacting § 332(c)(7)(B)(v) was to provide "direct and expedited federal judicial review without any need to exhaust state remedies." AT&T, 203 F. Supp. 2d at 989 (internal quotation marks and citation omitted); see generally Sprint Spectrum, L.P. v. City of Carmel, No. 1:02-cv-01133-JDT-TAB, 2003 WL 21254443 at *2 (S.D. Indiana March 28, 2003), aff'd, 361 F.3d 998 (7th Cir. 2004) (noting that an argument that a litigant has to exhaust state judicial remedies in order to bring an action under the Act could face "an uphill battle" in light of the Act's legislative history).

It is Defendants' position that the Zoning Board's decision is not a final action under the Act because the right of appeal to the superior court under R.I.G.L. § 45-24-69 is not an "independent" state court remedy. In support of this position, Defendants argue that the appeal pursuant to § 45-24-69 is not "independent" because the standard of review in superior court is "limited" and the bases for "reversal, denial or remand are limited to strict legal grounds." Defendants' Memorandum at 3, 4. Defendants, relying on Sprint Spectrum and AT&T, conclude that because the appeal pursuant to § 45-24-69 is not an "independent" and "separate" state court remedy it is part and parcel of the administrative process. Defendants' Memorandum at 11; see generally Sprint Spectrum, 361 F.3d at 1004 ("final action" means final administrative action rather than waiting for exhaustion of "independent" state court remedy).

Defendants misinterpret Sprint Spectrum and AT&T. Sprint Spectrum specifically acknowledged that Indiana law provided for judicial review of a zoning board decision through the issuance of a writ of certiorari. Sprint Spectrum, 361 F.2d at 1001 n.2. However, in construing the definition of the term "final action," Sprint Spectrum held that the Act "does not require the exhaustion of all state judicial remedies before bringing suit in federal court." Id. (emphasis added). In fact, in AT&T, the defendant argued that the court lacked subject matter jurisdiction because the plaintiff had not exhausted its "administrative remedies by availing itself of the certiorari procedure" under Indiana law. AT&T, 203 F. Supp. 2d at 988 (emphasis added). The AT&T court, however, found that the defendant's argument contained an "inherent contradiction" because the certiorari process under Indiana law was a judicial remedy available only after administrative procedures were exhausted. Id. at 988 n.1. "A zoning appeals board's decision is the final administrative step necessary as a prerequisite to pursuing the judicial remedy available by certiorari." Id. at 989.

R.I. Gen. Laws § 45-24-69 provides, in part, that "[a]n aggrieved party may appeal a decision of the zoning board of review to the superior court for the county in which the city or town is situated by filing a complaint stating the reasons for appeal within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk." R.I. Gen. Laws § 45-24-69(a). In considering a complaint filed pursuant to § 45-24-69, the superior court gives deference to the decision of the zoning board. The superior court shall "not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact." Curran v. Church Community Housing Corp., 672 A.2d 453, 454 (R.I. 1996) (per curiam) (quoting R.I. Gen. Laws § 45-24-69(d)). That deference, however, may not rise to the level of

"blind allegiance." Citizens Savings Bank v. Bell, 605 F. Supp. 1033, 1042 (D. R.I. 1985). The superior court may affirm, remand, reverse or modify a decision of a zoning board of review if "substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:" (1) in violation of constitutional, statutory or ordinance provisions, (2) in excess of the zoning board's authority, (3) made upon unlawful procedure, (4) affected by other error of law, (5) clearly erroneous, (6) arbitrary, or capricious or characterized by an abuse of discretion or "clearly unwarranted exercise of discretion." R.I. Gen. Laws § 45-24-69(d).

In essence, Defendants argue that the judicial remedy pursuant to § 45-24-69 is not an "independent" judicial action and, thus, is part of the administrative process because it is appellate in nature. In order to accept Defendants' argument, however, among other things, the Court would have to conclude that Congress intended that a judicial appeal should be considered to be a final administrative action. See Sprint Spectrum, 361 F.3d at 1004 (finding that Congress noted that the term final action means final administrative action). Defendants point to no convincing authority to support their argument and the Court concludes that Defendants' position is contrary to Congressional intent and case law interpreting the Act.

In Sprintcom, plaintiff applied to the Puerto Rico Regulations and Permits Administration ("PRRPA") to install a telecommunications facility on the roof of a three-story building. Sprintcom, 2007 WL 1574861 at *1. The plaintiff's application stated that the proposed facility complied with all applicable regulations and if the PRRPA were to determine that a variance was required the application also averred that the plaintiff had complied with all of the requirements for the granting of a variance. Id. at *2. PRRPA issued a resolution finding that regulations and

statutory law did not allow the installation of the facility and denied the variance requested. Id. The plaintiff argued that the resolution was a final action and was actionable in federal court pursuant to the Act. Id. at *4. The PRRPA averred that the plaintiff had not exhausted its administrative remedies and was therefore barred from bringing the action. Id. PRRPA argued that plaintiff was required by PRRPA regulations and the Puerto Rico Uniform Administrative Procedure Law to first seek judicial review of the resolution in the court of appeals. Id.

The specific issues that the court addressed in Sprintcom were whether (1) the resolution was a final action under the Act and was therefore appealable, and (2) "whether [plaintiff] was required to first exhaust administrative remedies, including review by the . . . Court of Appeals, before filing suit in federal court." Id. The Sprintcom court first determined that the resolution was a final action pursuant to the Act. Id. at *5. Sprintcom, however, also held that "[f]urther, [p]laintiff . . . is not required to first seek review of the [r]esolution in the . . . Court of Appeals. Exhaustion of administrative remedies, by its very terms, does not require judicial review." Id. (emphasis added); see also Bow 2007 WL 655471 at *3 (final administrative action determined by state statute providing for rehearing before zoning authority and not state statute providing for superior court review of a zoning authority decision on a motion for rehearing).

"The existence of a final administrative action enables a party to seek review in federal court without needing to exhaust State court remedies." Bow, 2007 WL 655471 at *3. The appeal provided for by § 45-24-69 is clearly a judicial remedy. See generally Mauricio v. Zoning Board of Review, 590 A.2d 879, 880 (R.I. 1991) (reviewing R.I. Gen. Laws § 45-24-20, predecessor to R.I. Gen. Laws § 45-24-69, and finding that an appeal from a decision of the zoning board is "essentially an appellate proceeding" and "more analogous" to the procedure required to "claim an

appeal in [the Rhode Island Supreme Court] from a decision or judgment of a trial court"); see also Gabriele v. Rocchio, 665 A.2d 566 (R.I. 1995) (per curiam) (§ 45-24-20 predecessor to § 45-24-69). The Zoning Board's decision is the final administrative step necessary as a prerequisite to pursuing the judicial remedy available in § 45-24-69. See AT&T, 203 F. Supp. 2d at 989. This Court concludes that the Zoning Board's decision is a "final action" under the Act. Therefore, this Court has subject matter jurisdiction of this action. See 47 U.S.C. § 332(c)(7)(B)(v).

## IV. Conclusion

Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is DENIED.[2]

SO ORDERED.

Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
July 12, 2007

[2]Defendants also argue that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted "insofar as it does not allege facts which establish that is it based upon a 'final decision' which can support" an action under the Act. Defendants' Memorandum at 11. The complaint alleges that on November 7, 2006, the Zoning Board filed its decision denying Plaintiff's application. Complaint at ¶ 30. The Court denies Defendants' 12(b)(6) motion for the same reasons as noted above.