UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC.,<br><br>Plaintiff,<br>v.<br><br>THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CURTIS PONDER, FRANK CORSO III, and DONALD CURRAN in their capacities as members of the City of Cranston Zoning Board of Review<br><br>Defendants. | Civil Action No. 06-531ML |

**PLAINTIFF'S SUMMARY OF ITS CLAIM**
**IN RESPONSE TO COURT'S RULE 16 ORDER**

**FACTUAL SUMMARY**

On or about September 21, 2005, Omnipoint filed a zoning application with the City of Cranston Zoning Board of Review ("ZBR") for a Special Use Permit and a Dimensional Variance from the City's Zoning Ordinance. Omnipoint sought this zoning relief in order to construct a ninety foot flag-pole style monopole (the "Monopole"), from which it would attach panel antennas at a height of eighty-seven feet, together with three equipment cabinets to be located at the base of the Monopole within a small, fenced compound on property owned by Solid Rock Baptist Church, 1753 Phenix Ave., Cranston, RI.

Omnipoint has a substantial gap in its coverage in the area of Cranston for which it proposes to construct its facility. Omnipoint analyzed several alternative sites from which it could remedy its coverage gap. However, it was unable to obtain a lease for any of the alternative premises, leaving the proposed site as the only location from which it could remedy its coverage gap.

The ZBR held two public hearings, on April 12, 2006 and September 13, 2006. The ZBR closed the public hearings on September 13, 2006. During the public hearings, Omnipoint representatives submitted evidence regarding Omnipoint's proposed antenna installation on the proposed Monopole, the existing and proposed coverage resulting from the installation and Omnipoint's efforts to find alternative sites in the area.

At the public hearings, there were approximately one hundred twenty abutters that opposed the application. The majority of their concerns involved the putative health effects from radio frequency emissions. In addition, they expressed a desire that Omnipoint utilize the adjacent golf course for the siting of any antenna installations. Omnipoint tried, but was unable to lease space at the golf course for its facility.

The ZBR filed a Notice of decision with the City Clerk on November 7, 2006, stating that the application was denied on September 13, 2006. The City's Notice of Decision, as issued to Omnipoint, does not list any specific grounds or justification for the denial of the application.

**<u>LEGAL CLAIMS</u>**

In this action, Omnipoint has raised three claims under the Federal Telecommuncations Act of 1996, ("TCA") 47 U.S.C. § 332(c); lack of substantial evidence, effective prohibition of the provision of wireless services and improper reliance on the putative environmental effects of the proposed site.

**<u>Lack of substantial evidence</u>**

Omnipoint contends that Cranston's Zoning Board failed to base its denial on substantial evidence on a written record as required by the TCA, instead issuing to Omnipoint a single word denial, notwithstanding that Omnipoint's application for a special use permit and dimensional variance satisfied the criteria set forth in the Zoning Ordinance for such relief.

**<u>Effective Prohibition</u>**

Omnipoint will demonstrate that the Board's denial of Omnipoint's request for the

proposed facility results in an effective prohibition under the TCA because Omnipoint's existing application is the only feasible plan to provide coverage to its substantial coverage gap in Cranston, as there are no leasable, alternative sites in the area. See Second Generation Properties, L.P. v. Town of Pelham, 313 F.3d 620 (1st Cir. Ct. of App. 2002).

**Improper Reliance On Environmental Testimony**

Section 332(C) (7)(B)(iv) of the TCA prohibits the placement of wireless communications facilities on the basis of environmental effects of radio frequency emissions. The vast majority of the abutter testimony and discussion during the public hearing was opposition to the facility based upon radio frequency emissions grounds. Accordingly, these comments served as a wrongful basis for the Board's denial.

OMNIPOINT HOLDINGS, INC.

By its attorneys,

/s/ Paul Cantor
Paul Cantor, Esq.
RI Attorney #3177
321 South Main Street, #302
Providence, RI 02903
Telephone: (401) 351-8200
Fax Number: (401) 351-9032

/s/ William A. Worth
William A. Worth, Esq.
PRINCE, LOBEL, GLOVSKY & TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Telephone: (617) 456-8005
Fax Number: (617) 456-8100

Date: July 17, 2007

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 17, 2007.

/s/ William A. Worth



160395.1