UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OMNIPOINT HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CURTIS PONDER, FRANK CORSO III, and DONALD CURRAN in their capacities as members of the City of Cranston Zoning Board of Review,<br><br>Defendants. | ) | C.A. No. 06-531-ML-DLM |

ANSWER AND JURY CLAIM

Defendants hereby Answer the Complaint, according to the numbered paragraphs, as follows:

[PREAMBLE]

This paragraph is descriptive in nature and, therefore, does not require an Answer. However, to the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

PARTIES

1. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

2. Admitted.

3. Admitted.

4. Admitted.

JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

## FACTUAL BACKGROUND

### The Personal Communications Service Technology

7. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

8. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

9. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

10. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

11. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

12. Denied as stated. Upon information and belief, the existence or nonexistence of areas where service may or may not be available is dependent upon the location of particular "cell sites," and, depending upon where those cell sites are located, additional cell sites may or may not be required to provide continuous, uninterrupted service. As a result, the "coverage boundaries" of particular cell sites are site dependent. The presence or absence of service in a given location depends not just upon the existence of a site within a given geographic area as defined on a 'grid' of the carrier's own design, but upon the location, in other 'squares' on the grid, of cell sites. In addition, because the carrier defines the grid, the grid, as such, has no objective or compelling existence as a separate and distinct geographic area. Therefore, in considering coverage issues, it is appropriate and necessary to discard the carrier's own self-defined grid and consider site locations even if they provide substantial overlap with existing sites.

13. Denied as stated. This allegation, in effect, mixes apples and oranges. With respect to "blocked calls," Defendants do not know if this means that there is a lack of coverage, or too many calls for existing facilities. Further, for the reasons set forth in the Answer to Paragraph 12, Defendants deny the allegations of this Paragraph as stated. Finally, denied in that there are alternate site locations which would eliminate the alleged coverage gap.

### Federal Statutory Control Over PCS Siting

14. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

15. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

The Request for Use and Dimensional Variances

16. Admitted.

17. Admitted that the proposed site location did not comply with setback requirements.

18. Denied as stated. The allegation suggests that Plaintiff, in "meeting" such requirements, was legally entitled to the variance requested, which suggestion is denied.

19. Admitted.

20. Denied as stated. The allegation suggests that Plaintiff, in "meeting" such requirements, was legally entitled to the variance requested, which suggestion is denied.

21. Admitted that there was a Planning Commission meeting on or about November 9, 2005 and that the Planning Commission recommended denial of the application.

22. Admitted that the Planning Commission recommended denial of the relief sought on or about November 9, 2005.

23. Denied as stated. Admitted that Plaintiff provided additional evidence, but denied that the evidence established either that Plaintiff could not provide service from existing facilities or that there was no alternative location. In fact, In Paragraph 27 of the Complaint, Plaintiff appears to admit the existence of at least one alternate location.

24. Admitted that the Zoning Board conducted one or more hearings regarding Plaintiff's request.

25. Admitted that Plaintiff presented evidence generally related to the subjects listed in this Paragraph.

26. Denied as stated. While objecting abutters and neighbors of the proposed site did raise issues related to potential and feared health effects of radio transmissions, this Paragraph suggests that that was the sole concern of a majority of abutters and neighbors. Upon information and belief, most, if not all of the neighbors and abutters had multiple concerns and objections which, as citizens, they expressed in the public meeting.

27. Admitted that Plaintiff made assertions consistent with the allegations of this paragraph, but denied that those assertions were "evidence." Most, if not all of those assertions, are directly contrary to the findings of the Board and, as such, whatever "evidence" was offered as to those points cannot rightly be considered "evidence" of the assertions.

28. Admitted that Plaintiff made assertions consistent with the allegations of this paragraph, but denied that those assertions were "evidence." Most, if not all of those assertions, are directly contrary to the findings of the Board and, as such, whatever "evidence" was offered as to those points cannot rightly be considered "evidence" of the assertions.

29. Admitted.

30. Admitted.

31. Denied as stated. The document speaks for itself and states more than just the word "DENIED." However, substantively, the referenced document does not indicate the reasons for the denial. Those reasons were stated on a separate document which was issued together with the referenced document containing some 33 numbered paragraphs containing the findings and conclusions of the Board.

COUNT I – Violation of the Telecommuncinciations Act of 1996

32. Defendants incorporate their answers to Paragraphs 1 through 31 as if set forth here.

33. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

34. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

35. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

36. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

37. Denied as stated. The allegation suggests that Plaintiff, in "fulfilling" such requirements, was legally entitled to the relief requested, which suggestion is denied.

38. To the extent that this paragraph makes assertions regarding the requirements of the law, no response is required. Otherwise, denied.

39. Denied.

40. Denied.

41. Denied.

42. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

43. Defendants are without sufficient information to admit or deny the allegations of this paragraph. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

44. Denied.

45. This paragraph makes no allegation of fact to which a response is required. To the extent that any assertion in this paragraph could support a finding in favor of Plaintiff and against Defendants on any point, such assertion is denied.

46. Denied.

47. Denied.

48. Denied.

<u>Prayer for Relief</u>

Denied that Plaintiff is entitled to the relief sought.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The decision of Defendants is within the local powers preserved by 47 U.S.C. Sec. 332(c)(7)(A).

<u>SECOND AFFIRMATIVE DEFENSE</u>

The decision of Defendants is not inconsistent with or violative of any of the provisions of 47 U.S.C. Sec. 332(c)(7)(B)(i).

<u>THIRD AFFIRMATIVE DEFENSE</u>

The decision of Defendants is in writing and supported by substantial evidence contained in a written record.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

To the extent that the Complaint alleges that the decision of the Defendants is inconsistent with 47 U.S.C., Sec. 332(c)(7)(B)(v), this Court lacks jurisdiction over such claim.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to allege facts which establish that the site with which this suit is concerned is the only feasible alternative to provide services to the claimed gap in service.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The allegations of the Complaint do not establish that the claimed gap in service is sufficiently substantial as to be legally significant and/or that further reasonable efforts to establish coverage would likely be fruitless.

<u>DEFENDANTS CLAIM TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>

Defendants,
By and through their counsel,

Dated: July 26, 2007

/s/ Jeffrey S. Michaelson

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

/s/ Jeffrey S. Michaelson