UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC.,<br><br>Plaintiff,<br>v.<br><br>THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CURTIS PONDER, FRANK CORSO III, and DONALD CURRAN in their capacities as members of the City of Cranston Zoning Board of Review,<br><br>Defendants. | Civil Action No. 06-531ML |

**AFFIDAVIT OF RICARDO M. SOUSA**

Now comes Ricardo M. Sousa, and being duly sworn, does hereby depose and say as follows:

1. I submit this Affidavit, based upon personal knowledge, in support of the Motion for Summary Judgment filed by Omnipoint Holdings, Inc. ("Omnipoint") in the above-captioned matter.

2. I am a partner at the law firm of Prince, Lobel, Glovsky & Tye LLP

3. In the course of my legal practice, I represented Omnipoint in its application to the City of Cranston Zoning Board of Review ("the Board") for the special use permit and dimensional variance sought with respect to its proposed wireless communications facility at 1753 Phenix Avenue, Cranston, RI, ("the Site"), which is at issue in the above-captioned matter.

4. In the course of performing those duties, I presented Omnipoint's application to the Board and represented Omnipoint before the Board at the public hearings on the application.

5. I am familiar with the City of Cranston Zoning Ordinance, Omnipoint's application, all supplemental materials submitted, and testimony given on Omnipoint's behalf in support of the Application.

6. Pursuant to the Zoning Ordinance Use Table, the use of the Site for a wireless telecommunications monopole and facility such as the one proposed by Omnipoint is permitted by special use permit from the Board.

7. The proposed monopole meets the setback requirements mandated by the Ordinance on all sides of the Property but its southern property line. Accordingly, Omnipoint needed a dimensional variance from the setback requirements in order to install its facility.

8. On or about September 21, 2005, Omnipoint, as co-applicant with the owner of the Property, applied for a dimensional variance from the Ordinance's setback requirements and a special use permit from the Board.

9. Prior to public hearing on its requested relief, Omnipoint attended a public hearing before the City of Cranston Planning Commission, which, under the terms of Section 30-29 of the Ordinance, may provide a non-binding opinion to the Board with respect to special use permit applications.

10. Following a public hearing before the Planning Commission, the Commission recommended that the Zoning Board deny the zoning relief requested by Omnipoint, on the grounds that "the applicant has not demonstrated that existing nearby facilities cannot accommodate the service need."

11. In the months following this adverse recommendation, Omnipoint provided to the Planning Commission undisputed evidence that it could not provide the service required by its FCC license from "existing nearby facilities".

12. In addition, Omnipoint provided undisputed evidence to the Planning Commission that no alternative location existed as a potential site for its proposed property. This evidence included descriptions of other sites considered as alternatives by Omnipoint, including the City of Cranston Fire Department Museum, placement of an antenna array on a utility pole located on the Cranston Country Club golf course or installation of a monopole at the Country Club's property.

13. The Zoning Board held two public meetings on Omnipoint's applications for the variance and special use permit. At the public hearings, Omnipoint representatives submitted evidence regarding Omnipoint's proposed antenna installation, its decision to use a flagpole style monopole to minimize complaints about the aesthetic aspects of the site, its existing and proposed coverage from the installation and its efforts to find alternative sites in the vicinity of the Solid Rock Baptist Church site on Phenix Ave.

SIGNED UNDER THE PENALTY OF PERJURY THIS 29th DAY OF NOVEMBER, 2007.

Ricardo M. Sousa