UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

OMNIPOINT HOLDINGS, INC.,

Plaintiff,

v.

THE CITY OF CRANSTON, THE ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON and JOY MONTANARO, EDWARD DIMUCCIO, CURTIS PONDER, FRANK CORSO III, and DONALD CURRAN in their capacities as members of the City of Cranston Zoning Board of Review,

Defendants.

C.A. No. 06-531-ML-DLM

DEFENDANTS' STATEMENT OF DISPUTED FACTS

1. Whether Omnipoint is licensed to operate wireless communications facilities in the City of Cranston.

2. Whether there is a legally recognized "coverage gap."

3. Whether any coverage gap as may exist is "significant."

4. Whether a signal strength less that -84dBm establishes the existence of a coverage gap.

5. Whether Omnipoint's "drive testing" data is reliable and probative of the existence of a gap in coverage.

6. Whether coverage is afforded in the area of the purported gap by other carriers.

7. Whether coverage for stationary users and/or in-building users exists in the area of the alleged coverage gap.

8. Whether "dropped calls" to the claimed extent exist and, if so, whether they establish the existence of a "coverage gap."

9. Whether any purported "coverage gap" is, in fact, a legally permissible "dead spot."

10. Whether T-Mobile's published coverage maps establish the absence of a coverage gap in

the area at issue.

11. Whether T-Mobile facilities not depicted in T-Mobile's motion, including, but not limited to "RI145A" provide coverage in the area of claimed coverage gap.

12. Whether roaming service is available in the area of purported coverage gap.

13. Whether the existence of similar signal strengths throughout the State of Rhode Island, as depicted in T-Mobile's coverage maps establish the absence of a "coverage gap" as suggested by Omnipoint.

14. Whether inconsistencies in Omnipoint's exhibits create material questions of fact regarding the existence of a so-called coverage gap.

15. Whether the goal of resolving "drops on RI145A" establish that the coverage claims and maps offered by Omnipoint are not complete or reliable and/or that there is not a coverage gap as asserted.

16. Whether a facility owned or operated by New Cingular Wireless Services, Inc. is a feasible site to provide coverage to the area at issue.

17. Whether Omnipoint has identified the only feasible sites for coverage of the area at issue.

18. Whether a facility design other than a single monopole facility could provide coverage to the area at issue.

19. Whether and how the alleged coverage gap affects voice or other services.

20. Whether Mr. Luutu's opinion can be based accepted insofar as it is based upon multiple levels of hearsay in terms of what sites are "available" and suitable for providing service to the area in question.

21. Whether differences in Mr. Luutu's current opinion, as compared to his Expert Disclosure, merit rejecting his opinions as unreliable.

22. Whether the "search ring" utilized by Omnipoint for the identification of potential sites defined the universe of potentially feasible locations to provide coverage to the area at issue.

23. Whether the Golf Course site was unavailable.

24. Whether the reasons claimed for the unavailability of the Golf Course are admissible in the context of a Motion for Summary Judgment.

25. Whether other sites, including but not limited to the Fire Department Museum and/or the

Golf Course would provide substantially equivalent coverage within the area where Omnipoint claims a coverage gap exists.

26. Whether there are other feasible sites to provide coverage to the area at issue.

Respectfully submitted,
Defendants,
By and through their counsel,

Dated: January 4, 2008

/s/ Jeffrey S. Michaelson

Jeffrey S. Michaelson, Esq. (#3299)
Michaelson & Michaelson
P.O. Box 622
North Kingstown, R.I. 02852
Telephone: (401) 295-4330
Facsimile: (401) 295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

/s/ Jeffrey S. Michaelson